IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| The Goodyear Tire & Rubber Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-50276 |
| | ) | |
| The Pimps, a/k/a/ The Good Year Pimps, | ) | |
| an unincorporated punk rock band, | ) | |
| Stuart J. Johnson, an Illinois resident, | ) | |
| Anthony David Crisman, an Illinois resident, | ) | |
| David John Derosso, an Illinois resident, | ) | |
| Michael Neil Hillenburg, an Illinois resident, and | ) | |
| Todd A. Cooper, a Wisconsin resident, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff, The Goodyear Tire & Rubber Company, by its attorneys and for its

Complaint, allege as follows:

### **The Parties**

1.      Plaintiff, The Goodyear Tire & Rubber Company ("Goodyear"), is a state

of Ohio corporation with a place of business at 200 Innovation Way, Akron, Ohio 44316.

2.      On information and belief, defendant The Pimps, a/k/a The Good Year

Pimps ("The Pimps"), is an unincorporated punk rock band that is based in Rockford, Illinois.

3.      On information and belief, defendant Stuart J. Johnson ("Johnson") is an

individual residing at 519 Fisher Ave., Apt. 2, Rockford, Illinois 61103, and is one of five

members of The Pimps.

4. On information and belief, defendant Anthony David Crisman ("Crisman") is an individual residing at 517 Fisher Ave., Apt. 4, Rockford, Illinois 61103, and is one of five members of The Pimps.

5. On information and belief, defendant David John Derosso ("Derosso") is an individual residing at 1533 Treecrest Dr., Rockton, Illinois 61072, and is one of five members of The Pimps.

6. On information and belief, defendant Michael Neil Hillenburg ("Hillenburg") is an individual residing at 517 Fisher Ave., Apt. 1A, Rockford, Illinois 61103, and is one of five members of The Pimps.

7. On information and belief, defendant Todd A. Cooper ("Cooper") is an individual residing at 165 W. Huron St., Apt. B, Berlin, Wisconsin 54923, and is one of five members of The Pimps.

### Jurisdiction and Venue

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) with respect to the claims arising out of the alleged violations of the Lanham Act, 15 U.S.C. § 1051, *et seq*., and under 28 U.S.C. §§ 1338(b) and 1367(a) with respect to the breach of contract claim and the claims arising under Illinois state law.

9. The matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Goodyear and the Defendants are citizens of different States of the United States. Diversity of citizenship jurisdiction is conferred pursuant to 28 U.S.C. § 1332(a)(3).

10. This Court has personal jurisdiction over each of the Defendants because each of the Defendants resides in this judicial district and/or each of the Defendants has done and

is doing substantial business in this judicial district, both generally and with respect to the allegations in this Complaint, and events giving rise to this action occurred in this judicial district.

11.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

### Background of the GOODYEAR Marks

12.     Goodyear is one of the leading manufacturers and suppliers in the United States of tires for vehicles as well other automotive and consumer products.  Goodyear was formed more than one hundred years ago and is the owner of both the GOODYEAR trademark and winged foot design shown to the right (hereinafter "Winged Foot Logo") which are two of the best known and most famous marks in the automotive industry.  Both of those marks, as well as the design and appearance of the Goodyear Blimp, are extremely famous and well-known among United States consumers.

13.     Goodyear was formed in 1898 at the dawn of automotive travel and is one of the oldest manufacturers of tires and other automotive-related products in the United States. Today, Goodyear is one of the leading manufacturers of those products.

14.     Goodyear's products are sold under the iconic GOODYEAR brand as well as its Winged Foot Logo.  Since at least 1900, Goodyear has used the GOODYEAR and Winged Foot Logo, initially in the form below on the left, and currently in the form below on



the right.  Goodyear also operates retail locations in which its products are sold and automotive services are provided throughout the United States.

3

15. The GOODYEAR and Winged Foot Logo marks appear prominently on Goodyear's products and retail locations as shown in examples of some of its tire products and retail locations are shown below:

 



16.     In addition, Goodyear has operated since at least the 1920s a number of blimps that bear the GOODYEAR and Winged Foot Logo design.  A version from 1967 as well as the current design are shown below:





The Goodyear Blimp is an iconic image that millions of US consumers frequently see providing aerial coverage for and flying above major sporting and other events, including professional baseball, football, and basketball games, professional golf tournaments, and college football games.  The Goodyear Blimp provides coverage for dozens of regionally and nationally televised

events annually. The Goodyear Blimp is so well known that in 2019 it was inducted into the College Football Hall of Fame as an honorary member.

      17.     Goodyear sells a number of consumer products that prominently display the GOODYEAR brand, the Winged Foot Logo and/or the Goodyear Blimp, just a few examples of which are shown below:



**Cap**          **Coffee Mug**

**Water Bottle**





**Speaker**          **Magnet**





**Key Chain**

**T-Shirt**





**Ratchet Tie Downs**                    **Socket Set**

18.    The GOODYEAR mark, Winged Foot Logo and Goodyear Blimp are protected by a number of registered trademarks and common law trademark rights (collectively, "the GOODYEAR Marks").  The following is a non-exhaustive list of valid, subsisting and existing U.S. Trademark and Service Mark Registrations covering the GOODYEAR Marks:

GOODYEAR - Reg. No. 0504296, registered November 30, 1948 claiming first use of March 21, 1920 (incontestable) in Class 12 for pneumatic tires

GOODYEAR - Reg. No. 0507923, registered March 22, 1949 claiming first use of July, 1900 (incontestable) in Class 7 for tires and inner tubes therefor, and hose

7

**GOODYEAR** – Reg. No. 0849967, registered May 28, 1968 claiming first use of January 1, 1959 (incontestable) in Class 35 for Promoting of goods and services of others by means of aerial advertising

**GOODYEAR** – Reg. No. 0873220, registered July 15, 1969 claiming first use of March 4, 1968 (incontestable) in Class 37 for automotive repair services

 - Reg. No. 1162678, registered July 28, 1981 claiming first use of October 21, 1969 (incontestable) in Class 28 for Games and Playthings-Namely, Scale Model Toy Vehicles, Inflatable Toys; and Sporting Articles-Namely, Golf Balls and Tees

 - Reg. No. 1202796, registered July 27, 1982 claiming first use of November 17, 1975 (incontestable) in Class 25 for Clothing-Namely, Caps, T-Shirts, Sweatshirts and Jackets

**GOODYEAR** – Reg. No. 3476559, registered May 13, 2008 claiming first use of September 12, 2006 (incontestable) in Class 27 for floor mats

**GOODYEAR** – Reg. No. 3476560, registered July 29, 2008 claiming first use of September 26, 2005 (incontestable) in Class 8 for hand tools, namely, wrenches, ratchets, screwdrivers and pliers

**GOODYEAR** – Reg. No. 3606879, registered April 14, 2009 claiming first use of December 21, 2007 (incontestable) in Class 12 for windshield wiper blades

**GOODYEAR** – Reg. No. 4494937, registered March 11, 2014 claiming first use of July, 1900 (incontestable) in Class 12 for tires

**THE GOODYEAR FOUNDATION** – Reg. No. 5099587, registered December 13, 2016 claiming first use of March 4, 2016 in Class 36 for Charitable services, namely, promoting sustainable communities by providing financial grants to support the development of community programs

 - Reg. No. 5155496, registered March 7, 2017 claiming first use of June 29, 1972 in Class 12 for tires

Copies of the certificates of registration for each of the above marks are attached as Exhibit A.

8

19.     The GOODYEAR Marks have been used continuously in commerce throughout the United States, and the world, for decades, and in some cases as early as 1900.

20.     The products and services sold and provided under the GOODYEAR Marks have been extremely successful.   In the United States, Goodyear has sold billions of dollars worth of products and services under the GOODYEAR Marks in each of the last three years.

21.     By virtue of Goodyear's substantial sales, marketing and use of the GOODYEAR Marks, the GOODYEAR Marks have become famous and well-known, have become distinctive of Goodyear's products and services, and have come to identify and indicate the source of Goodyear's products and services to consumers and the trade, in both the State of Illinois and throughout the United States.

22.     Through Goodyear's long use, advertising and promotion of the GOODYEAR brand, as well as through its longstanding commitment to quality and safety, Goodyear has developed for itself and the GOODYEAR Marks a reputation for excellence and high moral standing among consumers.

**Defendants' Conduct**

23.     On information and belief, Defendants are a punk rock band that was formed in or around 1997.  While their formal name is believed to be "The Pimps", the group has in the past and is currently referring to themselves as "The Goodyear Pimps".

24      Goodyear learned of the use by Defendants of the GOODYEAR name in or around 2001 or 2002.   Goodyear contacted Defendants at the time demanding that it cease using the name "Goodyear", to which Defendants agreed.

25. However, in or around 2007, Goodyear learned that Defendants were again using the "Goodyear" name, as well as the Winged Foot Logo, in connection with performances, on materials used in performances (such as on the drums), marketing materials and in other manners. Goodyear again demanded that Defendants cease use of the GOODYEAR and Winged Foot Logo.

26. Defendants again agreed, and the parties entered into a Settlement Agreement, effective August 23, 2007 (hereinafter "2007 Settlement Agreement"), in which Defendants, both the group "The Pimps" and each of the members individually, agreed to among other things,

> . . . immediately and permanently discontinue all use of THE GOOD YEAR PIMPS name and mark, the winged foot design, and any other name, trademark or designation that utilizes the GOODYEAR name and mark or any name or mark confusingly similar to it on or in connection with musical entertainment services, musical recordings, apparel and an other merchandise relating to such musical entertainment services.

> . . . to refrain from wearing any apparel or using any props that bear the GOODYEAR trademark or the winged foot design, when performing or when being photographed or recorded in connection with the marketing, advertising or promotion of their musical entertainment services.

A copy of the 2007 Settlement Agreement is attached as Exhibit B. Under paragraph 8 of the 2007 Settlement Agreement, that agreement is governed by Illinois law.

27. On information and belief, Defendants complied with the 2007 Settlement Agreement from 2007 until about December 2018. Goodyear learned in or around August of 2019, however, that Defendants had begun using the "GOODYEAR" name, the Winged Foot Logo and the Goodyear Blimp in promoting its musical entertainment services, on props in providing those services, in promoting its services and in merchandise that it was selling.

28.     On information and belief, Defendants have been using the logo shown to

the right on and in connection with providing musical entertainment

services, on props in providing those services, in promoting its services and

in merchandise that it is selling.  That logo is, or has been used, by

Defendants on its website (www.thepimps.org), its Facebook page

(www.facebook.com/thepimpsrockford/) and its Instagram page

(https://www.instagram.com/thegoodyearpimps/).  Examples of the uses by Defendants of the

GOODYEAR Marks is shown below:






Screenshots from those sites captured on or about September 4, 2019 are attached as Exhibit C.

29.     On September 11, 2019, a letter was sent to each of Defendants advising them that their renewed use of the GOODYEAR mark, the Winged Foot Logo and the Goodyear Blimp was a breach of the 2007 Settlement Agreement and infringement of Goodyear's trademark rights.  A copy of one of those letters (without exhibits) is attached as Exhibit D. None of the Defendants responded to that letter.

30.     Upon information and belief, Defendants are continuing to use the GOODYEAR mark, the Winged Foot Logo and the Goodyear Blimp on and in connection with providing musical entertainment services, on props in providing those services, in promoting its services and in merchandise that it is selling.

## COUNT I – Breach of Contract

31.     This count is for breach of contract under Illinois law.

32.     The allegations of paragraphs 1-30 are incorporated by reference as though fully set forth herein.

33.     The use by Defendants of the GOODYEAR name, the Winged Foot Logo and the Goodyear Blimp constitutes a breach of the 2007 Settlement Agreement in which each of the Defendants agreed to cease all use of the GOODYEAR mark, the Winged Foot Logo and any other marks that include, or are similar to the GOODYEAR mark.

34.     The breach by Defendants of the 2007 Settlement Agreement has caused irreparable harm to Goodyear for which there is no adequate remedy at law, and has caused Goodyear to suffer monetary damage in an amount thus far not determined.

## COUNT II - Federal Trademark Infringement

35.     This count is a cause of action for federal service mark infringement under 15 U.S.C. § 1114.

36.     The allegations of paragraphs 1-34 are incorporated by reference as though fully set forth herein.

37.      The use by Defendants of the GOODYEAR Marks in connection with providing musical entertainment services, on props in providing those services, in promoting its services and in merchandise that it is selling bearing those marks, are a reproduction, counterfeit, copy, and/or colorable imitation of Goodyear's federally-registered mark.

38.     Defendants' use of the GOODYEAR Marks is likely to cause confusion, mistake, and/or deception of relevant consumers as to the source, sponsorship or approval of the goods and services provided by Defendants in that relevant consumers are likely to believe that there is a sponsorship, approval, licensing, affiliation, association or some legitimate connection between the goods and services being provided under the GOODYEAR Marks and Goodyear.

39.     As a direct and proximate result of the likely confusion, mistake and deception, Goodyear has suffered, and will continue to suffer, irreparable damage to the reputation and goodwill of Goodyear in violation of 15 U.S.C. § 1114, for which Goodyear is without an adequate remedy at law.

40.     The acts of Defendants complained of herein have damaged, are damaging, and are likely to continue to damage Goodyear.

41. On information and belief, Defendants acts of trademark infringement have been done willfully, deliberately and intentionally, and Defendants have profited and been unjustly enriched by that conduct.

42. The acts of Defendants complained of herein constitute a violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, have caused irreparable harm to Goodyear for which there is no adequate remedy at law, and have caused Goodyear to suffer monetary damage in an amount thus far not determined.

<u>**COUNT III – False Designation of Origin and Unfair Competition**</u>

43. This count is a cause of action for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

44. Goodyear repeats and realleges the allegations contained in paragraphs 1-42 of this Complaint as though fully set forth herein.

45. Defendants' use of the GOODYEAR Marks is use of a word, term and name that is likely to cause confusion, mistake or deception as to the source of the goods and services being provided by Defendants as relevant consumers are likely to falsely believe that the goods and services are sponsored by, approved by, licensed by and/or affiliated with or associate with Goodyear.

46. Defendants' use of the GOODYEAR Marks in their commercial advertising and promotion of goods and services under those marks is a false or misleading representation or description of fact that misrepresents the nature, quality and characteristics of the goods and services Defendants offer and provide under those marks in that relevant consumers are likely to believe that the goods and services provided under those marks have the

same quality and characteristics as those that Goodyear would provide under the GOODYEAR Marks.

47.      The acts of Defendants complained of herein (a) infringe the GOODYEAR Marks, (b) falsely designate the origin of their goods and services, and (c) compete unfairly with Goodyear in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.      The acts of Defendants complained of herein have caused irreparable harm to Goodyear for which there is no adequate remedy at law, have caused Goodyear to suffer monetary damage in an amount thus far not determined, and are continuing to harm and damage Goodyear.

### COUNT IV – Federal Trademark Dilution

49.      This count is a cause of action for trademark dilution under 15 U.S.C. § 1125(c).

50.      Goodyear repeats and realleges the allegations contained in paragraphs 1-48 of this Complaint as though fully set forth herein.

51.      The GOODYEAR Marks are individually and collectively distinctive and famous throughout the United States within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and were distinctive and famous prior to the date of Defendants' acts complained of herein.

52.      The acts of Defendants complained of herein, and specifically use of the GOODYEAR Marks on and in connection with providing musical entertainment services, on props in providing those services, in promoting its services and in merchandise that it is selling is likely to dilute and is diluting the distinctive quality of the GOODYEAR Marks, in that Defendants' use of the GOODYEAR mark, the Winged Foot Logo and the Goodyear Blimp are

15

likely to create and have created an association between Defendants' use of those mark and the GOODYEAR Marks, which impairs the distinctiveness of those famous marks and lessens the capacity of those famous marks to identify and distinguish products and services marketed and sold by Goodyear under the GOODYEAR Marks.

53.     The acts of Defendants complained of herein have also tarnished and are likely to tarnish the GOODYEAR Marks and goodwill associated therewith, particularly as it associates those marks with the term "PIMPS", which is not an image that Goodyear uses or would use with its famous GOODYEAR Marks.

54.     On information and belief, Defendants' acts of trademark dilution have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by it use of the GOODYEAR Marks.

55.     The acts of Defendants complained of herein have been willful, have caused irreparable harm to Goodyear and its goodwill and reputation, and will continue to cause further irreparable harm unless Defendants are enjoined, and Goodyear has no adequate remedy at law.

## **COUNT V – Trademark Dilution Under Illinois State Law**

56.     This count is a cause of action for trademark dilution under 765 ILL. COMP. STAT. 1036/65.

57.     Goodyear repeats and realleges the allegations contained in paragraphs 1-55 of this Complaint as though fully set forth herein.

58.     Each of the GOODYEAR Marks is famous in the State of Illinois, and were famous prior to the date of Defendants' acts complained of herein.

59. The acts of Defendants complained of herein injure, and will continue to injure, the business reputation that Goodyear enjoys in the State of Illinois, and impairs, diminishes, and trades on the GOODYEAR Marks, which identify goods and services from Goodyear.

60. The acts of Defendants complained of herein injure and dilute, or are intended to injure and dilute, Goodyear's reputation and the distinctive quality of the GOODYEAR Marks in violation of 765 ILL. COMP. STAT. 1036/65.

61. The acts of Defendants complained of herein have been willful, were done intentionally to trade off of the reputation of Goodyear and the GOODYEAR Marks, and have caused irreparable harm to Goodyear and its goodwill and reputation, and will continue to cause further irreparable harm unless Defendants are enjoined, and Goodyear has no adequate remedy at law.

## COUNT VI – Violation of Uniform Deceptive Trade Practices Act

62. This count is a cause of action for violation of the Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. 510/1, *et seq.*

63. Goodyear repeats and realleges the allegations contained in paragraphs 1-61 of this Complaint as though fully set forth herein.

64. As a result of the acts and practices of Defendants set out above, Defendants have been and are engaged in deceptive trade practices or acts in the conduct of business, trade or commerce, and in the furnishing of services, in violation of the Uniform Deceptive Trade Practices Act of the State of Illinois, 815 ILL. COMP. STAT. 510/1, *et seq.*, which deceive the public and have caused irreparable harm to Goodyear for which there is no adequate

remedy at law, and have caused Goodyear to suffer monetary damage in an amount thus far not determined.

### COUNT VII – Common Law Service Mark Infringement and Unfair Competition

65. This count is a cause of action for common law service mark infringement and unfair competition under the Illinois common law.

66. Goodyear repeats and realleges the allegations contained in paragraphs 1-64 of this Complaint as though fully set forth herein.

67. Defendants' use in commerce of the GOODYEAR mark, the Winged Foot Logo and the Goodyear Blimp constitute trademark and service mark infringement and unfair competition with Goodyear under the Illinois common law in that (a) such use enables Defendants to obtain the benefit of and trade on the goodwill of Goodyear, (b) such use damages the goodwill of Goodyear and Goodyear has no control over Defendant's use of those marks, and (c) such use is likely to cause confusion, mistake or deception and results in unjust enrichment of Defendants.

68. The acts of Defendants complained of herein have caused irreparable harm to Goodyear for which there is no adequate remedy at law, and have caused Goodyear to suffer monetary damage in an amount thus far not determined.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff The Goodyear Tire & Rubber Company demands judgment against defendants The Pimps, a/k/a/ The Good Year Pimps, Stuart J. Johnson, Anthony David Crisman, David John Derosso, Michael Neil Hillenburg, and Todd A. Cooper as follows:

A. A declaration that Defendants have breached the 2007 Settlement Agreement, infringed Goodyear's trademark and service mark rights in the GOODYEAR Marks in violation of the 15 U.S.C. § 1114, and the common law of the State of Illinois, that Defendants have falsely designated the origin of their goods and services in violation of 15 U.S.C. § 1125(a), that Defendants have diluted the value of and tarnished the reputation of the GOODYEAR Marks in violation of 15 U.S.C. § 1125(c) and 765 ILL. COMP. STAT. 1036/65, and that Defendants have violated the Uniform Deceptive Trade Practice Act, 815 ILL. COMP. STAT. 510/1, *et seq*.

B. That Defendants, individually and as a group, their agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them, be preliminarily during the pendency of this action, and thereafter permanently enjoined from infringing any and all of the GOODYEAR Marks, unfairly competing with Goodyear, diluting the GOODYEAR Marks, falsely advertising its goods and services, including from using any of the GOODYEAR Marks, or any other colorable variation of those marks on or in connection with the false and misleading advertisement, promotion, marketing and provision of musical entertainment services and consumer goods in the United States, or in any manner likely to cause confusion with any of the GOODYEAR Marks.

C. That Defendants deliver up for destruction all advertising and promotional materials containing and of the GOODYEAR Marks, and discontinue use of such on any props, signs, posters, clothing, hats, posters, magnets, product labels, product packaging, newspaper or other advertisements, Internet websites, social media sites, and/or any other printed or otherwise published materials.

D.      That Defendants remove from their Internet website www.thepimps.org),

and Facebook page (www.facebook.com/thepimpsrockford/) any use of any of the GOODYEAR

Marks, including any prior posts that include any of those marks.

E.      That Defendants transfer to Goodyear the Instagram page

"thegoodyearpimps".

F.      The Defendants be ordered to take such action as would be necessary to

place Goodyear in the condition it would have been had Defendants not breached the 2007

Settlement Agreement.

G.      An award to Goodyear of any and all gains, profits, savings and

advantages realized by Defendants from their acts of trademark infringement, trademark dilution,

false designation of origin, unfair and deceptive trade practices, and unfair competition, and

trebling that amount pursuant to 15 U.S.C. § 1117(a) on the grounds that Defendants engaged in

the wrongful acts with knowledge and bad faith.

H.      An award of such damages as Goodyear shall establish as a result of

Defendants' trademark infringement, trademark dilution, false designation of origin, unfair and

deceptive trade practices, and unfair competition, and trebling that amount pursuant to 15 U.S.C.

§ 1117(a) on the grounds that Defendants engaged in the wrongful acts with knowledge and bad

faith.

I.      An award to Goodyear for Defendants' unjust enrichment.

J.      An award of punitive damages.

K.      That this case been deemed exceptional pursuant to 15 U.S.C. § 1117

and/or other applicable law, and that Goodyear be awarded its reasonable attorney fees, expenses

and costs in this action.

L.      An award to Goodyear of pre-judgment and post-judgment interest at the maximum rate allowed by law.

M.      Such other and further relief as the Court may deem just and equitable in the circumstances.

THE GOODYEAR TIRE & RUBBER COMPANY


Dated: October 24, 2019                    /s/ Jeffrey T. Norberg
                                           Kevin J. McDevitt
                                           Richard B. Biagi
                                           Jeffrey T. Norberg
                                           NEAL & McDEVITT
                                           1776 Ash Street
                                           Northfield, Illinois 60093
                                           (847) 441-9100
                                           kmcdevitt@nealmcdevitt.com
                                           rbiagi@nealmcdevitt.com
                                           jnorberg@nealmcdevitt.com

                                           Counsel for Plaintiff
                                           The Goodyear Tire & Rubber Company

OF COUNSEL:
Theodore R. Remaklus (*pro hac vice forthcoming*)
Wood, Herron & Evans, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
(513) 241-2324
tremaklus@whe-law.com